IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GENEVIVE GARZA, Individually and on**                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                             No. 5:19-cv-700

**SPACE AGE COMMUNICATIONS, INC., and**           **DEFENDANTS**
**CREATIVE BROADBAND SOLUTIONS, LLC**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Genevive Garza, individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Space Age Communications, Inc., and Creative Broadband Solutions, LLC ("Defendants"), she states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and all others similarly situated minimum and overtime wages as required by the FLSA.

### II.   JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

4. A substantial part of the events giving rise to the claims alleged in this Complaint had their effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### III.     THE PARTIES

5. Genevive Garza ("Plaintiff") is an individual and a resident and domiciliary of the State of Texas.

6. Separate Defendant Space Age Communications, Inc. ("Space Age"), is a domestic, for-profit corporation.

7. Space Age conducts business within the State of Texas, providing telecommunication installation and construction services within the State of Texas, as well as outside of the State of Texas.

8. Space Age's registered agent is John Pearcy.

9. Space Age's principle address is 1823 Knickerbocker Road, San Angelo, Texas 78904.

10. Space Age maintains a website at http://www.spaceagecomm.com/index.php.

11. Creative Broadband Solutions, LLC ("Creative Broadband"), is a domestic limited liability company.

12. Creative Broadband provides cable and satellite television installation services within the state of Texas.

13. Creative Broadband's registered agent is Cheryl Tatsch.

14. Creative Broadband's principle address is 139 East Hopkins Street, Suite D, San Marcos, Texas 78666.

### IV.     FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Space Age had at all relevant times at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, cables, fiber optics, VOIP equipment and materials, office equipment, and telecommunications equipment.

17. Space Age's annual gross volume of sales for each of the three calendar years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

18. Creative Broadband had at all relevant times at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, satellite dishes, cables, fiber optics, VOIP equipment and materials, office equipment, and telecommunications equipment.

19. Creative Broadband's annual gross volume of sales for each of the three calendar years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

20. At least one of Space Age's primary business purposes is to provide telecommunications installation services.

21. At least one of Creative Broadband's primary business purposes is to provide telecommunications installation services.

22. To carry out their purpose to provide telecommunications installation services, Defendants engage "cable installers."

23. Defendants treats all of their cable installers as "independent contractors" for purposes of the FLSA.

24. Defendants required at least some training be provided to each and every cable installer.

25. Defendants' cable installer training programs, at least in part, were designed to familiarize cable installers with Defendants' policies and procedures to better serve Defendants' customers.

26. Defendants had a dress code policy that it required its cable installers to adhere to.

27. Defendants assigned cable installers to Defendants' customers as needed.

28. Defendants required cable installers to start their installations at a certain time each morning.

29. Defendants set cable installers' schedules and informed cable installers where and when they would perform installation services.

30. Defendants maintained and owned warehouses in which cable installers picked up equipment for installations and attended meetings.

31. Cable installers had no opportunity to share in Defendants' profits.

32. Cable installers did not share in Defendants' losses.

33. Defendants were supposed to pay cable installers according to piece rates per installation.

34. Defendants determined the cable installers' pay scale for services without input from or negotiation with cable installers.

35. Defendants set prices to its customers for services without cable installer input or negotiation.

36. Defendants determined where to locate Defendants' branches and offices without cable installer input.

37. Defendants made decisions on advertising Defendants' business without cable installer input.

38. Defendants made decisions on what new business to pursue or take without cable installer input.

39. Cable installers did not negotiate contracts or prices with Defendants' customers.

40. Defendants' managers or other individuals under authority of Defendants directed Defendants' cable installers.

41. Defendants required cable installers to follow the directions of Defendants' managers or other authorized individuals with respect to performing and scheduling installations.

42. Defendants generally did not pay any cable installers any overtime premium for hours that they worked over forty hours per week.

43. In other words, if any cable installer worked more than forty hours per week, Defendants' policy was not to pay that cable installer an overtime premium of one and one half times the cable installer's regular rate for the hours over forty.

44. Defendants had a general practice keeping no contemporaneous records of time that cable installers spent performing services on Defendants' behalf.

45. For some time during the three years preceding the filing of the Original Complaint, Plaintiff performed the duties of a cable installer on Defendants' behalf.

46. Plaintiff was a "cable installer" for Defendants for at least some time after three years preceding the filing of the Original Complaint.

47. Defendants classified, or otherwise treated, Plaintiff as an "independent contractor" for purposes of the FLSA.

48. Plaintiff performed cable installation services on Defendants' behalf as many as seventy-two hours per week.

49. Plaintiff drove her own vehicle while performing cable installation services on Defendants' behalf.

50. While using her vehicle on Defendants' behalf, Plaintiff's vehicle had signs advertising Space Age attached to it.

51. After deducting for expenses related to the operation of Plaintiff's vehicle in the course of performing job duties for Defendants, upon information and belief, Plaintiff's pay regularly fell below the minimum wages required by the FLSA and AMWA.

52. Plaintiff regularly performed cable installation services and related duties for more than forty hours per week.

53. Defendants never paid Plaintiff any overtime premium for hours that Plaintiff worked over forty hours per week.

54. Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendants failed and refused to compensate Plaintiff for her work as required by the FLSA and AMWA.

55. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and AMWA.

56. Defendants purposefully and knowingly classified cable installers as "independent contractors."

## V.   REPRESENTATIVE ACTION ALLEGATIONS

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   i. Minimum wages for the first forty (40) hours worked each week;

   ii. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

   iii. Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

   iv. Liquidated damages; and

    v.       Costs of this action, including attorney's fees.

59.    The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each person who performed cable installation services within the three years preceding the filing of the Original Complaint.**

60.    The proposed FLSA class members are similarly situated in that they share these traits:

    i.       They performed the same or similar job duties;

    ii.      They were required to provide their own vehicles for use in performing their job duties for Defendants; and

    iii.     They were subject to Defendants' common policy of classifying them as "independent contractors;"

    iv.     They were subject to numerous other common policies and practices as described in the Factual Allegations section.

### VI.    FIRST CAUSE OF ACTION
#### (Individual Claim for Violations of the FLSA)

61.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63.    Defendants misclassified Plaintiff as an independent contractor.

64. The costs that Plaintiff incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendants, caused Plaintiff's free and clear pay to fall below minimum wages.

65. Defendants unlawfully refrained from paying Plaintiff an overtime premium for hours worked over forty per week.

66. Defendants' failure to pay Plaintiff all minimum and overtime wages owed and to reimburse Plaintiff's work-related vehicle expenses was willful.

67. By reason of the unlawful acts alleged herein, Defendants are liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

69. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. Defendants misclassified all cable installers as independent contractors.

71. The costs that cable installers incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendants, caused cable installers' free and clear pay to fall below minimum wages.

72. Defendants also unlawfully refrained from paying cable installers an overtime premium for hours over forty per week.

73. Defendants' failure to pay cable installers all minimum and overtime wages owed and to reimburse cable installers' work-related vehicle expenses was willful.

74. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Genevive Garza, individually and on behalf of all others similarly situated and the members of the proposed Section 216 class, respectfully prays as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**GENEVIVE GARZA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com